UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

OWEN CHARLES,

    Plaintiff,                                                        CASE NO.:

-vs-

EXPERIAN INFORMATION
SOLUTIONS, INC. and I.C.
SYSTEM, INC.,

    Defendants.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Owen Charles, by and through the undersigned counsel, and sues Defendants, Experian Information Solutions, Inc. and I.C. System, Inc., and in support thereof respectfully alleges violations of the Fair Credit Reporting Act , 15 U.S.C. § 1681 *et seq*. ("FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

## PRELIMINARY STATEMENT

1. The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION

2. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA and FDCPA.

3. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

4.      Venue is proper in this District as Plaintiff is a natural person and a resident of Rhode Island; the violations described in this Complaint occurred in this District; and the Defendants both transact business within this district.

## FACTUAL ALLEGATIONS

5.      Plaintiff is a consumer as defined by the FCRA and FDCPA.

6.      Experian Information Solutions, Inc. ("Experian") is a corporation with its principal place of business located in California which conducts business in the State of Rhode Island through its registered agent, CT Corporation System, located at 450 Veterans Memorial Parkway, Suite 7A, East Providence, RI 02914.

7.      Experian is a "consumer reporting agency," as defined in 15 USC § 1681(f). Upon information and belief, is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

8.      Experian disburses such consumer reports to third parties under contract for monetary compensation.

9.      I.C. System, Inc. ("ICS") is a corporation with its principal place of business located in Minnesota that conducts business in the State of Rhode Island through its registered agent, CT Corporation System, located at 450 Veterans Memorial Parkway, Suite 7A, East Providence, RI 02914.

10.     ICS is a debt collector as defined by the FDCPA.

11. The alleged debt that is the subject of this complaint is a consumer debt as defined by the FDCPA.

12. In 2019 it came to Plaintiff's attention that his Experian consumer credit report contained several mistakes.

13. First, Plaintiff's Experian report claimed that Plaintiff owed a debt to non-party "Eastern Account Systems" regarding a "Frontier" account.

14. Second, Plaintiff's Experian report claimed that Plaintiff owed a debt to Defendant ICS regarding a "NW Public Utilities" account.

15. The information being reported by Experian was/is false. Plaintiff did not at any point owe a debt to Eastern Account Systems or ICS.

16. Plaintiff disputed the inaccurate information with Experian in February of 2020 via a letter he sent to Experian by US Mail.

17. In his dispute letter, Plaintiff advised Experian that the debts may actually belong to his father, also named Owen Charles, and that the address associated with the ICS/NW Public Utilities account is linked to an address in Norwich, CT where his father lives.

18. Experian allegedly investigated Plaintiff's dispute into the two accounts and DELETED the inaccurate information it was reporting regarding the Eastern Account Systems/Frontier account.

19. However, Experian VERIFIED the inaccurate information it is reporting regarding the ICS account and, as a result, that inaccurate information remains on Plaintiff's credit report today.

20. During the course of its alleged investigation into Plaintiff's dispute, Experian contacted ICS, and ICS VERIFIED the inaccurate information it is reporting regarding Plaintiff's alleged account.

21. Due to the actions and/or inactions of the Defendants, Plaintiff has been denied credit.

22. Specifically, Plaintiff has been denied a Capital One credit card, a Macy's credit card, and an auto loan.

23. Due to the actions and/or inactions of the Defendants, Plaintiff has suffered from unwanted and unnecessary stress, fear, anxiety, anger, and sleeplessness.

24. Due to the actions and/or inactions of the Defendants, Plaintiff has suffered from a reduced credit score.

## CAUSES OF ACTION

### COUNT I
### Violation of the FCRA as to Experian

25. Plaintiff re-alleges and incorporates paragraphs 1 through 24 above as if fully set forth herein.

26. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

27. As a result of the conduct, action, and/or inaction of Experian, Plaintiff suffered from a diminished credit score, denials of credit, loss of his personal time, and the damages described in this Complaint.

28. Experian's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

29. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Experian, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
### Violations of the FCRA as to Experian

30. Plaintiff fully incorporates and realleges paragraphs 1 – 24 as if fully set forth herein.

31. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

32. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage by reduced credit score; loss of the ability to purchase and benefit from credit; financial loss; and the mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a negative credit report, as well as the damages described throughout this Complaint.

33. Experian's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant

to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

34. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, Experian, jointly and severally; for his attorney fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT III
### Violation of the FDCPA as to ICS

35. Plaintiff fully incorporates and re-alleges paragraphs 1 – 24 as if fully set forth herein.

36. At all times relevant to this action ICS is subject to and must abide by the FDCPA.

37. ICS has violated 15 U.S.C. § 1692(f)(1) by attempting to collect an amount not authorized by contract or permitted by law.

38. ICS has violated 15 U.S.C. § 1692(g) by failing to send Plaintiff a 30-day validation notice within 5 days of initial communication with Plaintiff.

39. ICS knew that the debt in question was invalid yet continued to attempt to collect the debt anyway.

40. Afni's actions and/or inactions have resulted in Plaintiff suffering the damages described throughout this complaint.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against ICS for statutory damages, punitive damages, actual damages, costs, interest,

attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT IV
### Violation of the FCRA as to ICS

41.     Plaintiff fully incorporates and re-alleges paragraphs 1 – 24 as if fully set forth herein.

42.     ICS furnished inaccurate representations to Experian, and through Experian to all of Plaintiff's potential lenders on multiple occasions.

43.     ICS violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute of its representations; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of its own inaccurate representations to the consumer reporting agencies.

44.     ICS violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Experian after it had been notified that the information it was furnishing was inaccurate.

45.     ICS did not have any reasonable basis to believe that Plaintiff was responsible for the account in question. It also had substantial evidence by which to have verified that Plaintiff is not responsible. For example the address in question is in CT whereas Plaintiff resides in RI. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the information it furnished bout Plaintiff.

46.     As a result of the conduct, action and inaction of ICS, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a diminished credit score/a credit report that has a derogatory remark.

47. ICS conduct, action and/or inaction as willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC 1681o.

48. Plaintiff is entitled to recover reasonable attorney's fees and costs from ICS in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE,** Plaintiff respectfully requests that this Court award statutory, actual and punitive damages against ICS to Plaintiff; award Plaintiff his reasonable attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or §1681o; and grant all such additional relief as the Court deems appropriate.

/s/ Jason Knight

Jason Knight, Esquire
Jason Knight Law
1 Turks Head Place, Suite 1440
Providence, RI 02903
Tele:  (401) 865-6075
Bar #: 7329
Jason.Knight@jasonknightlaw.com
Attorney for Plaintiff